## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BMC SOFTWARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2989 |
| | § | |
| STEVEN JACKSON, | § | |
| | § | |
| Defendant. | § | |

## TEMPORARY RESTRAINING ORDER

BMC Software, Inc. (BMC) has sued Steven Jackson for violation of the Computer Fraud and Abuse Act, misappropriation and theft of trade secrets, breach of the duty of loyalty and the duty to maintain confidentiality, and breach of contract. BMC seeks a temporary restraining order, a preliminary and permanent injunction, exemplary damages, and attorney's fees.

Based on the complaint, the TRO application and supporting materials, and the applicable law, this court grants BMC's request for a TRO. BMC has made the necessary showing that unless a TRO issues, Jackson is likely to use or disclose BMC's trade secrets and confidential information before notice can be given and a hearing can be held on BMC's application for a preliminary injunction, causing BMC irreparable injury for which there is no adequate remedy at law. BMC has made the necessary showing that Jackson's use of its trade secrets and confidential information could provide others in the marketplace with an unfair competitive advantage and that there are no less drastic means to protect BMC's

interests. BMC has also made the necessary showing that providing notice to Jackson before the issuance of a Temporary Restraining Order may make BMC's causes of action moot because Jackson may destroy information and documents that are relevant to BMC's claims.

This court orders the following:

> 1. Jackson must preserve and not alter or destroy BMC documents or information taken from or obtained from BMC, whether in paper, electronic, or other form; and
>
> 2. Jackson may not disclose and/or use confidential information or trade secrets, whether in paper, electronic, or other form, provided to Jackson by BMC, which Jackson learned in connection with his employment at BMC, or which Jackson obtained or took from BMC.

This Order will be effective as soon as BMC executes and files with the Clerk a bond, or cash deposit in lieu of a bond, in conformity with law, in the amount of $5,000.00.

A preliminary injunction hearing is set for **September 24, 2007, at 2:00 p.m.**

This Order will expire on September 28, 2007, unless it is extended by court order or by the parties' agreement.

SIGNED on September 18, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge